Jay H. WYTTENHOVE, Relator,

v.

LMT INSPECTIONS and American Home Assurance Company, Respondents.

No. C3–93–1482.

Supreme Court of Minnesota.

Dec. 10, 1993.

Michael L. Martinez, Blaine, for appellant.

Diana L. Brennan, Minneapolis, for respondents.

TOMLJANOVICH, Justice.

This workers compensation matter comes before us by certiorari upon the relation of Jay H. Wyttenhove, employee, to review a decision of the Workers' Compensation Court of Appeals reversing an award of temporary total compensation. We reverse.

Jay H. Wyttenhove was employed by LMT Inspections as a nondestructive testing technician. On May 9, 1986, he sustained a compensable low back injury which ultimately led to lumbar fusion surgery in March 1990. Following recovery from surgery and after rehabilitation assistance, Wyttenhove secured part-time work in telemarketing. On October 16, 1992, one of Wyttenhove's treating orthopedic physicians recommended he discontinue work pending evaluation for further surgery. As of December 4, 1992, no decision had been made as to the need for further surgery but employee's physician authorized a return to telemarketing work.

■ The compensation judge, finding employee medically disabled from all employment from October 16, 1992, through December 4, 1992, and partially disabled after that date, awarded "ongoing" temporary total compensation. On appeal, the Workers' Compensation Court of Appeals reversed, concluding employee's physician had "related the suspension [from] and release [to work] to his mistaken belief as to the employee's ability to perform physical labor." *Wyttenhove v. LMT Inspections,* —— Minn.Workers' Comp.Dec. ——, slip op. at 5 (WCCA, filed June 24, 1993). The WCCA also said the doctor's "initial opinion that on October 16, 1992 the employee was unable to continue working is not supported by the evidence since the doctor later conceded that [a surveillance tape of employee] demonstrated the employee's ability to work." *Id.* at ——, slip op. at 6. A fair reading of the doctor's report, however, reflects the doctor was not particularly impressed with the surveillance tape, stating that it "in no way affects my recommendations as far as Mr. Wyttenhove's management is concerned." Generally, conflicts in medical testimony are to be resolved by the compensation judge as trier of fact. *Ruether v. State,* 455 N.W.2d 475 (Minn. 1990). Accordingly, we reverse the WCCA's

denial of benefits. Employee is entitled to TTD from October 16, 1992, through December 4, 1992, the date on which the compensation judge determined employee's medical disability ended. *See O'Mara v. State of Minnesota/University of Minnesota,* 501 N.W.2d 603 (Minn.1993) and *Redgate v. Sroga's Standard Service,* 421 N.W.2d 729 (Minn.1988).

Reversed.

Employee is awarded $400 in attorney fees.